1
2
3
4
5
6
7
8                                   UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANGIE KAY TRAXLER,                              No.  2:21-cv-01494 CKD (SS)

12                   Plaintiff,

13           v.                                        ORDER

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                     Defendant.
16

17

18           Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title

20    XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge

21    jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the

22    reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny

23    the Commissioner's cross-motion for summary judgment.

24    BACKGROUND

25           Plaintiff, born in 1976, applied on February 19, 2019 for SSI, alleging disability beginning

26    February 8, 2019.  Administrative Transcript ("AT") 15, 24.  Plaintiff alleged she was unable to

27    work due to cervical spine pain, trouble using her hands, asthma, anxiety, and depression.  AT

28    ////

135.  In a decision dated January 13, 2021, the ALJ determined that plaintiff was not disabled.[1]

AT 15-25.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since February 19, 2019, the application date.
>
> 2.  The claimant has the following severe impairments: degenerative disc disease; anxiety disorder; major depressive disorder; obesity; right arm fracture; status-post open reduction internal fixation; COPD/asthma/allergic rhinitis; flexion contracture of the bilateral hands.
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4.  After careful consideration of the entire record, the undersigned

---

[1]      Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

finds that the claimant has the residual functional capacity to perform light work except that she can occasionally push, pull, handle and finger with her right upper extremity; frequently push, pull, handle and finger with her left upper extremity.  She can occasionally climb ladders, ropes, and scaffolds; and occasionally crawl.  She must avoid concentrated exposure to pulmonary irritants . . . [and] avoid even moderate exposure to workplace hazards[.] She can understand, remember, and carry out simple instructions, make simple work-related decisions, and tolerate occasional changes in a routine work setting.

5.  The claimant has no past relevant work.

6.  The claimant was born on XX/XX/1976, which is defined as a younger individual age 18-49 on the date the application was filed.

7.  The claimant has a limited education.

8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.[2]

10.  The claimant has not been under a disability, as defined in the Social Security Act, since February 19, 2019, the date the application was filed.

AT 17-25.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ failed to provide legally sufficient reasons for discounting plaintiff's subjective symptom testimony; (2) the ALJ"s residual functional capacity finding is not supported by substantial evidence; and (3) the ALJ's finding that there are a significant number of jobs in the national economy plaintiff could perform is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

---

[2] Relying on vocational expert testimony, the ALJ found that plaintiff could perform the requirements of light, unskilled jobs such as counter clerk, usher, and salon attendant.  AT 24.

evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Credibility

Both parties' arguments focus on whether the ALJ properly considered plaintiff's upper extremity impairments.  (ECF No. 16 at 5, n.1 & ECF No. 18 at 2, n. 1.)  As noted above, the ALJ determined that plaintiff had the residual functional capacity (RFC) to occasionally push, pull, handle and finger with her right upper extremity, and frequently perform those same activities with her left upper extremity.  AT 20.  The RFC indicated that plaintiff could do light work, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." See 20 CFR 416.967(b).

Plaintiff asserts that the ALJ's reasons for discounting her subjective symptom testimony were not legally sufficient, such that the lifting/carrying limitations in the RFC are not supported

by substantial evidence.  The ALJ summarized plaintiff's testimony on this issue as follows:

> The claimant testified that because of rheumatoid arthritis her hands do not open all the way.  She says she has pain in her neck and arms, as well as stiffness in her arms, and that she has a sensation like someone is hammering on her arms and hands.  She said she can lift just two to three pounds.

AT 21 (citing hearing testimony); see AT 137-138 (plaintiff testified she was taking medication for rheumatoid arthritis and did exercises for hand strength, but still could not open bottles and dropped items she picked up), AT 143-145 (plaintiff testified her arms were stiff every day and her hands only opened halfway; she dropped small objects and had trouble writing and buttoning clothes); AT 146 (plaintiff testified the heaviest weight she could lift was 2 to 3 pounds).

After describing plaintiff's testimony, the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence for the reasons explained in this decision."  AT 21.

The ALJ next summarized the medical evidence, including a May 2019 cervical MRI.[3] AT 21, citing AT 856-857.  "The limitation to light work . . . with additional limitations on pushing, pulling, handling, and fingering sufficiently account for these findings," the ALJ wrote. AT 21.  The ALJ did not say whether or to what extent this medical evidence contradicted plaintiff's subjective symptom testimony.

The ALJ continued her summary of the evidence, writing in part:

> She has a history of flexion contractures of both hands.  The pain starts in her hands and radiates up her arms.  On exam, the claimant has stiffness in her arms and hands.  She has decreased range of motion and grip strength.

AT 21 (record citations omitted).  As above, the ALJ wrote: "The lifting/carrying limitations associated with light work . . . with additional limitations on pushing, pulling, handling and fingering sufficiently accommodate these impairments."  AT 21.

At the end of her summary of the medical evidence, the ALJ concluded: "The claimant's statements about the intensity, persistence, and limiting effects of her symptoms are not fully

---

[3] Plaintiff disputes the ALJ's characterization of the MRI, which focused on mild findings, while plaintiff asserts that "significant abnormalities were present."  (ECF No. 16 at 10.)

1   consistent with the objective evidence." AT 22.  She did not explain why the cited medical

2   evidence undermined plaintiff's testimony about her hand pain, stiffness, difficulty holding onto

3   objects, and inability to lift more than a few pounds.

4           Similarly, after discussing the medical opinions, the ALJ made generalized statements

5   about the appropriateness of the RFC, e.g., "From a physical standpoint, the claimant's treatment

6   notes, minimal objective findings, physical examinations, and activities of daily living[4] support

7   finding the claimant capable of performing a reduced range of light exertional work."  AT 23.

8   The RFC, the ALJ wrote, "is supported by the objective medical evidence in the record.

9   Treatment notes in the record do not sustain the claimant's allegations of disabling limitations.

10  Further, the objective medical evidence is not consistent with the claimant's allegations."  AT 23.

11  These generalities failed to address plaintiff's specific symptom testimony about her limited

12  ability to lift, carry, handle, and manipulate objects, which if credited, would call the RFC into

13  question.

14          The ALJ determines whether a disability applicant is credible, and the court defers to the

15  ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

16  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an

17  explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

18  Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

19  supported by "a specific, cogent reason for the disbelief").  "Without affirmative evidence

20  showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's

21  testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169

22  F.3d 595, 599 (9th Cir. 1999).

23          The Ninth Circuit recently clarified that, when discounting subjective testimony, an ALJ

24  must provide "specific, clear, and convincing *reasons* for doing so."  Wade v. Saul, 850 F. App'x

25  568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78

26  (9th Cir. 2020).

27  _____

28  [4] Defendant concedes that the ALJ "did not explicitly discuss examples of Plaintiff's daily activities in her decision."  (ECF No. 18 at 11.)

1
2
3
4
5
6
7
8
9
10
11
12

> To be sure, we confirm our precedent does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony...." <u>Lambert</u>, 980 F.3d at 1277. But the ALJ's detailed overview of [the claimant's] medical history—coupled with a nonspecific boilerplate conclusion that her testimony was "not entirely consistent" with her medical treatment—was not enough to satisfy the minimal requirements for assessing credibility. <u>Id.</u> at 1277–78; <u>see</u> <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 494 (9th Cir. 2015) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [claimant's symptom] testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."). Summarizing [the claimant's] testimony about her limitations from her mental impairments, and later mentioning that her symptoms improved with medication and treatment, does not provide clear and convincing reasons to discredit that testimony. <u>See</u> <u>Lambert</u>, 980 F.3d at 1278. This is reversible error. <u>Id.</u> ("Because the ALJ did not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." (quoting <u>Treichler v. Comm'r of Soc. Sec. Admin.</u>, 775 F.3d 1090, 1103 (9th Cir. 2014))).

13    <u>Wade</u>, 850 F. App's at 569.

14    Similarly, here, the ALJ's summary of the medical evidence and boilerplate assertions that

15    the RFC "sufficiently accommodated [her] impairments," are not legally sufficient to reject

16    plaintiff's testimony about her upper extremity symptoms under the <u>Lambert</u> standard. Because it

17    is not clear whether the RFC for light work was supported by substantial evidence, the court finds

18    prejudicial error. Plaintiff is entitled to summary judgment on this claim.[5]

19    <u>CONCLUSION</u>

20    With error established, the court has the discretion to remand or reverse and award

21    benefits. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded

22    under the "credit-as-true" rule for an award of benefits where:

23
24
25
26

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

27    <u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the

28    ---
[5] The court does not reach the remaining claims.

7

1  "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

2  the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

3  the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

4  403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

5  proceedings would serve no useful purpose, it may not remand with a direction to provide

6  benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.

7  2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the

8  proper approach is to remand the case to the agency.").

9         Here, the record as a whole creates serious doubt as to whether the claimant was, in fact,

10 disabled during the relevant period.  On remand, the ALJ is free to develop the record as needed,

11 including asking a vocational expert hypothetical questions about available jobs based on a

12 revised RFC.  The court expresses no opinion regarding how the evidence should ultimately be

13 weighed, and any ambiguities or inconsistencies resolved, on remand.  The court also does not

14 instruct the ALJ to credit any particular opinion or testimony.  The ALJ may ultimately find

15 plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some

16 type of closed period of disability benefits; or may find that plaintiff was never disabled during

17 the relevant period, provided that the ALJ's determination complies with applicable legal

18 standards and is supported by the record as a whole.

19        For the foregoing reasons, IT IS HEREBY ORDERED THAT:

20        1.  Plaintiff's motion for summary judgment (ECF No. 16) is granted;

21        2.  The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied; and

22        3.  The matter is remanded for further administrative proceedings consistent with this

23 order.

24 Dated:  October 13, 2022

25

26                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE
27

28 2/traxler1494.ssi.ckd

8